**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4180**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DERRICK WAYNE WELLS, JR., a/k/a Jo Jo,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.   Gina M. Groh, District Judge.  (3:13-cr-00033-GMG-JES-3)

_____

Submitted:  December 12, 2014         Decided:  January 15, 2015

_____

Before NIEMEYER, DUNCAN, and KEENAN, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Shawn R. McDermott, MILLS MCDERMOTT CRIMINAL LAW CENTER, Martinsburg, West Virginia, for Appellant.   William J. Ihlenfeld, II, United States Attorney, Jarod J. Douglas, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Wayne Wells, Jr., pleaded guilty pursuant to a plea agreement to one count of possession with intent to distribute cocaine base, in violation of 18 U.S.C. § 841(a)(1), (b)(1)(C) (2012). The charge came as a result of a vehicle stop in which Wells was the driver of the stopped car. During a search of the car, police seized 2.17 grams of crack cocaine. In the plea agreement, Wells agreed to be completely forthright and truthful with law enforcement. The agreement also provided that:

> Nothing contained in any statement or any testimony given by Mr. Wells pursuant to Paragraph 5 will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from Mr. Wells in compliance with this Agreement will be made known to the sentencing Court. However, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Mr. Wells' applicable guideline range.

(Joint Appendix at 48). Under U.S. Sentencing Guidelines Manual ("USSG") § 1B1.8(a):

> Where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and as part of that cooperation agreement the government agrees that self-incriminating information provided pursuant to the agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement.

Wells contends that the Government breached the plea agreement by using information at sentencing that he provided during a

2

debriefing and that such information was used to determine the applicable Guidelines sentence. We agree, and we vacate the sentence and remand for resentencing.

A party alleging that the Government breached a plea agreement bears the burden of showing by a preponderance of the evidence that a breach occurred. United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000). Where a party raised the issue of breach in the district court, we "review the district court's factual findings for clear error and its application of principles of contract interpretation de novo." United States v. Lewis, 633 F.3d 262, 267 (4th Cir. 2011) (internal quotation marks omitted).

At sentencing, Wells objected to the drug quantity attributed to him and enhancements to the offense level for firearm possession and keeping a premises for the manufacturing or distribution of crack cocaine. The Government presented the testimony of Timothy Williams, Wells' co-defendant, in order to show that the two men had a crack distribution ring that sold drugs from an apartment both men had rented. On the stand, Williams proved to be hostile witness. During the course of the examination, the Government asked Williams if he knew that Wells stated that Williams gave Wells the 2.17 grams of crack cocaine found in the vehicle. Williams denied the accusation. The information implicating Williams as the person who gave Wells

3

the crack cocaine became known to the Government during Wells' interview with law enforcement. Pursuant to the terms of the plea agreement, Wells was justified in believing that information he gave during a debriefing implicating Williams would not be used against Wells in determining his own sentence.

The Government contends that the district court could not have used this information improperly to determine drug quantity, because Wells had pleaded guilty to possessing the drug amount found in the vehicle. However, the Government used the information to impeach Williams, whose testimony did not support the Government's position that Wells should be held accountable for a higher drug amount, for possession of a firearm, and for maintaining a premises for manufacturing and distributing crack cocaine. Because the Government successfully impeached Williams, the court did not rely upon his testimony to determine the applicable Guidelines sentence. We conclude that this was clearly an improper use of Wells' protected statements.[*]

---

[*] We also conclude that the Government improperly used Wells' protected statement that he and Williams went to a shooting range. However, this particular error, unpreserved below, does not entitle Wells to relief. Under plain error review, we conclude that the Government's breach in this regard did not affect Wells' substantial rights. See United States v. Dawson, 587 F.3d 640, 645 (4th Cir. 2009). At resentencing, we caution the Government against revealing this information unless it is for a proper purpose. See USSG § 1B1.8(b).

4

Accordingly, while we affirm the conviction, because the Government breached the plea agreement by revealing protected information during the sentencing hearing, we vacate the sentence and remand for resentencing. Because the original sentencing judge "cannot reasonably be expected to erase the [improper information] from his mind," we direct that resentencing be conducted before a different district court judge. See United States v. Nicholson, 611 F.3d 191, 218 (4th Cir. 2010) (internal quotation marks omitted). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED